[Crim. No. 138.    Department Two.—October 3, 1896.]

## THE PEOPLE, Respondent, *v.* WALTER TALLMADGE, Appellant.

Criminal Law — New Trial — Newly Discovered Evidence — Affidavit of Prosecuting Witness — Confession of Perjury — Discretion.—A new trial is not to be granted as matter of law, upon the ground of newly discovered evidence, upon an affidavit of a prosecuting witness, showing that the witness had committed perjury upon the trial; but the application for a new trial for such cause is addressed to the discretion of the trial court, and his ruling thereupon will not be disturbed upon appeal except in a clear case of abuse of discretion.

Appeal from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. Wheaton A. Gray, Judge.

The facts are stated in the opinion of the court.

*Power & Alford*, and *Forrest L. Alford*, for Appellant.

A conviction cannot be had on the testimony of an accomplice alone (Penal Code, sec. 111); and there is no evidence outside of the testimony of the accomplice Lynde tending to connect appellant with the commission of the offense charged. Where the principal witness testifies that his statement at the trial was a mistake, a new trial should be granted. (Wharton on Criminal Pleading, secs. 869, 870; *Mann* v. *State*, 44 Tex. 642.)

*W. F. Fitzgerald, Attorney General*, and *Charles H. Jackson, Deputy Attorney General*, for Respondent.

There was ample corroboration to Lynde's testimony to satisfy section 111 of the Penal Code. Applications for new trials on the ground of newly discovered evidence are addressed to the discretion of the court below, and its action will not be disturbed except for an abuse of discretion, the presumption being that the discretion was properly exercised. (*People* v. *Urquidas*, 96 Cal. 239, *Breckenridge* v. *Crocker*, 68 Cal. 404; *Peters* v. *Foss*, 16 Cal. 357; *Quinn* v. *Kenyon*, 22 Cal. 82; *Hall* v. *Bark* "*Emily Banning*," 33 Cal. 524; *People* v. *Sutton*, 73 Cal. 247; *Byrne* v. *Reed*, 75 Cal. 277.) The evidence must be so conclusive as to give rise to the presumption that if a new trial were granted it would change the result. (*McCormick* v. *Central R. R. Co.*, 75 Cal. 506; *People* v. *Howard*, 74 Cal. 547; *Lewis* v. *McMullin*, 5 W. Va. 582; *O'Neal* v. *State*, 47 Ga. 229; *State* v. *Stain*, 82 Me. 472.) A new trial was properly refused, as the newly discovered evidence had no intrinsic value. (*Bean* v. *People*, 124 Ill. 576; *Parker* v. *Hardy*, 24 Pick. 246; *Pomroy* v. *Columbian Ins. Co.*, 2 Caines, 260; *People* v. *Superior Court*, 10 Wend. 288; *Ames* v. *Howard*, 1 Sum. 490; Graham on New Trial, 7; *Miller* v. *Ross*, 43 N. J. L. 552.)

McFARLAND, J.—The appellant was charged with the larceny of a number of hogs, the property of one Bertch, and was convicted of grand larceny. He moved for a new trial, and the motion was denied; and from the judgment and the order denying a new trial he appealed.

The only point pressed by appellant is that the court erred in not granting a new trial upon the ground of newly discovered evidence. One Harry Lynde was a principal witness against the appellant, and was, according to his testimony, an accomplice. He testified that, on or about the 15th of November, at 9 or 10 o'clock at night, he, in company with the appellant, visited the ranch of said Bertch, and drove out of the field twenty-one or twenty-two hogs, and took them a few miles to a place where they were corralled that night; that the next night they drove them to a place called Armona, reaching the latter place about 3 or 4 o'clock in the morning, where the hogs were corralled; that on Sunday morning they loaded them into two wagons belonging to the appellant, from which place they were hauled in said wagons to various places throughout the country and sold. There was a great deal of other testimony tending to connect the appellant with the larceny of said hogs, and corroborative of the testimony of said Lynde. It was proven by other witnesses that appellant sold portions of the hogs at various places, and he admits that he did so sell them, his explanation being that he was hired by the said Lynde to haul said hogs from Armona, that he did not know or have any reason to believe that they were stolen, and that after he left Armona, and before he sold any of the hogs, he purchased the same from the said Lynde, giving him a certain sum of money, and agreeing to pay the balance at a future time. On the motion for a new trial there was presented an affidavit made by the said Lynde, in which he testified that the testimony which he had given on the trial against appellant was willfully false, that appellant did not participate in the larceny of the hogs, and did not know that they had been stolen, and

that he, Lynde, and another person called Epperson had committed the larceny. He gave as the reason for swearing falsely at the trial that the district attorney and the deputy sheriff had told him that they disliked Tallmadge, and that if he, Lynde, would stand in and help to convict him by swearing that Tallmadge was with him and helped steal the hogs, the charges against Lynde would be dismissed; and further, that the deputy sheriff promised him that he would also give him, if he would so testify, two hundred dollars, and that since then the said deputy sheriff had refused to pay him the said sum of money, or any part thereof. These statements as to the district attorney and the deputy sheriff were entirely denied by said deputy sheriff and district attorney in affidavits filed on the motion.

Applications on the ground of newly discovered evidence are addressed to the discretion of the trial court, and its action will not be set aside except for an abuse of such discretion, and the presumption is that the discretion was properly exercised; and it has been repeatedly held by this court that such applications are to be regarded with disfavor. (Hayne on New Trial and Appeal, par. 87, and cases there cited; *People* v. *Sutton*, 73 Cal. 243; *People* v. *Freeman*, 92 Cal. 359.) It cannot be said that, as a matter of law, a new trial should be granted whenever an important witness against the defendant shall make an affidavit that he committed perjury in his testimony; if that were so, justice would be defeated in many grave cases. Notwithstanding such an affidavit, the appellate court will rest largely upon the discretion of the judge who heard the trial, and will not disturb his ruling except in clear cases of abuse of discretion. The strongest case in favor of appellant's contention is that of *Mann* v. *State*, 44 Tex. 642. In that case the appellant was convicted of rape upon the person of a young girl; and without her testimony there was no shadow of a case against the appellant. In her testimony at the trial she first said that the appellant was innocent, but, being examined by direct ques-

tions, she finally made statements tending to show the appellant's guilt.  Afterward, upon a motion for a new trial, she made oath that her first statements when on the stand were true, and that she did not fully understand the bearing of the questions which she afterward answered, and that her answers to those questions were not true.  Upon appeal the supreme court held that the motion for a nonsuit ought to have been granted.  But its ruling rested upon a consideration of all the circumstances in the case, and the court said: "Looking at the entire case, including the affidavits, it is our opinion that the guilt of the appellant was left too uncertain, and the character of the evidence against him appeared too frail and unreliable to justify the court in refusing him another trial."  There the ruling of the appellate court was not based upon the mere fact that a witness had afterward testified to perjury at the trial.  In fact, there was no perjury, but a mistake; and the testimony of a witness that he was mistaken is certainly entitled to more consideration than a statement that he committed absolute perjury.  The court made its ruling after "looking at the entire case"; and we have no doubt that a case might arise where an important witness had afterward testified to having committed perjury, in which this court would hold, looking at the whole case, that a new trial ought to have been granted.  But we do not think the circumstances of this case call for such ruling.  The case at bar is very similar to that of the *People* v. *McGuire*, 2 Hun, 269.  In that case the court, speaking of a witness who afterward made affidavit that he had committed perjury at the trial, said: "The affidavit of such a person is not entitled to so much weight as to justify the conclusion that the evidence given by him, and which the jury may have regarded as credible and reliable, was corruptly and willfully false.  The conclusion of the jury would rather warrant the presumption that his testimony was truthful and his affidavit false."  Upon the whole, we do not

see any reason for disturbing the discretion of the court below.

The judgment and order appealed from are affirmed

TEMPLE, J., and HENSHAW, J., concurred.

Hearing in Bank denied.