[Crim. No. 1393.   Second Appellate District, Division One.—January 11, 1927.]

## THE PEOPLE, Respondent, v. CARL ARNOLD, Appellant.

[1] CRIMINAL LAW—RAPE—ACCESS TO PROSECUTRIX—EVIDENCE.—In a prosecution for rape, testimony attempted to be elicited by defendant that men other than the defendant had opportunity of intercourse with the prosecutrix during a certain period preceding the act charged in the information was immaterial, where no offer of proof was made that during such period no opportunity was open to defendant to have sexual intercourse with the prosecutrix.

[2] ID.—REVERSAL—CHARACTER OF ERROR.—Error, in order to be available as a ground for new trial, must be shown to have been prejudicial.

[3] ID.—EVIDENCE—RULING WITHOUT PREJUDICE.—In such prosecution, where a question asked by defendant of a witness whether the prosecutrix would kiss other men and throw her arms around them was answered in the negative, no harm resulted to defendant by reason of the fact that an objection to such question was sustained by the court after the question had been thus answered.

[4] ID. — SUSTAINING OF OBJECTIONS — REVERSAL OF JUDGMENT UNJUSTIFIED BY.—In such prosecution, the action of the trial court in sustaining objections to certain questions propounded by the defendant to various witnesses does not justify a reversal of the judgment.

[5] ID.—PATERNITY OF CHILD—STATEMENT OF TRIAL JUDGE—ABSENCE OF HARM TO DEFENDANT.—In such prosecution, no material harm could have resulted to defendant by reason of a statement made by the trial judge that "it isn't necessary to prove whether" defendant "was the father of the child or not," as defendant would be guilty of the offense charged if he and the prosecutrix indulged in the act of sexual intercourse on or about the date

2.  See 8 Cal. Jur. 600; 2 R. C. L. 230.

alleged in the information, even though it might have been satis-
factorily shown that defendant was not the father of the child.

[6] ID.—TESTIMONY OF PROSECUTRIX—COMMENT OF TRIAL JUDGE—IN-
STRUCTIONS.—In such prosecution, the error, if any, on the part
of the trial court in stating in the presence of the jury that
the testimony given by the prosecutrix to the effect that she had
sustained meretricious relations with defendant at a time fixed
as "just before May" was not inconsistent with a former state-
ment made by the witness that the act occurred on March 23d,
was cured, or at least rendered innocuous, by instructions to the
jury that it was not to infer from any remarks or rulings made
by the court as indicating how the case should be decided; also
that "the testimony of the prosecutrix should be carefully scanned
and be acted upon with great caution."

---

(1) 17 C. J., p. 334, n. 99.   (2) 16 C. J., p. 1130, n. 88.   (3) 17
C. J., p. 310, n. 96, 97.   (4) 17 C. J., p. 59, n. 36, p. 335, n. 11.
(5) 33 Cyc., p. 1487, n. 22 New.   (6) 17 C. J., p. 264, n. 89, p. 295,
n. 63; 33 Cyc., p. 1486, n. 12.

APPEAL from a judgment of the Superior Court of
Kern County and from an order denying a new trial.
Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas Scott, Jr., and Dorris & Henderson for Appel-
lant.

U. S. Webb, Attorney-General, John J. Maltman, Dep-
uty Attorney-General, and James S. Howie for Respondent.

HOUSER, J.—Defendant was convicted of the crime of
rape on the person of a girl of the age of thirteen years.
He appeals from the judgment and the order denying his
motion for a new trial.

From the testimony given by the prosecutrix, which was
corroborated by her ten year old sister, it appears that the
act of which defendant was found guilty was committed
on or about March 23, 1925. There was other evidence
tending to establish the case against defendant, including
the facts that one witness testified to having seen defend-
ant and the prosecuting witness in a most compromising
situation on one occasion, and another witness testified that
on another occasion, in the presence of herself and several

other persons, defendant "grabbed Marie (the prosecutrix) and put a big bite on her neck that was about that size around (indicating), monkey bite, I think they call them." It also appears in evidence that on November 24, 1925, which was eight months and one day after the alleged criminal act of defendant toward the prosecutrix occurred, the prosecutrix gave birth to a fully developed child. The prosecutrix testified further that approximately ten separate acts of sexual intercourse had taken place between her and defendant, some of which occurred before the date of the particular act specified in the information.

[1] The first irregularity in the trial of which appellant complains is that the trial court sustained an objection interposed by the People to the following question which had been asked by counsel for defendant of the mother of the prosecutrix. "Q. Now, during the month of February, 1925, did Marie stay at Granite all the time?"

As having a bearing upon the materiality of such question, appellant urges that because the child born to the prosecutrix was fully developed at its birth on November 24, 1925, instead of its having been conceived on March 23, 1925, it "must have been begotten late in February or early in March"; and that in order to rebut the charge that defendant was the father of the child defendant had a right to show, first, that because of the possible absence of the prosecutrix from Granite during the month of February, 1925, men other than defendant had opportunity of intercourse with the prosecutrix during the particular period in which, as he contends, the child was conceived; and, secondly, that defendant had no such opportunity during such time. But, assuming (without deciding) the materiality of the question, no offer of proof was made that during the month of February, 1925, no opportunity was open to defendant to have sexual intercourse with the prosecutrix; and it was immaterial that during such time men other than defendant may have had access to the prosecutrix. [2] It is a cardinal rule that error, in order to be available as a ground for new trial, must be shown to have been prejudicial.

[3] Complaint is also made that further error was committed by the trial court in sustaining an objection to a question propounded by the attorney representing de-

80 Cal. App.—40

fendant to a witness as follows: "Q. Now, Marie would go up and kiss any of the men that were there, wouldn't she, and throw her arms around them?"

[4] Appellant's argument is based upon the assumption that the answer of the witness would have been in the affirmative. However, it appears from the transcript of the proceedings had at the trial that the witness actually answered the question, "No, sir," and thereafter the court sustained an objection to the question. No motion was made to strike out the answer and, so far as the record discloses, it was left for the consideration of the jury. It is therefore clear that no harm resulted to defendant by reason of the fact that the objection to the question was sustained by the court.

The evidence shows that the prosecutrix testified that one of the acts of intercourse between her and defendant occurred on July 15, 1925. In rebuttal defendant produced a piece of log with some writing on it, which included the name of the prosecutrix, the name of a man other than defendant and the date of July 15th—all of which, with the exception of the date, the prosecutrix admitted was in her handwriting. In connection therewith defendant asked of an expert on handwriting the following question: "Q. At the time you examined this defendant's Exhibit A for the purpose of identification at the trial of the case of the People of the state of California against Carl Arnold in Department One here about three or four months ago, I will ask you to state whether or not the names that appear there on the face of this exhibit and the date that appears on the face of it, was it written by one and the same person?"

The trial court sustained an objection to the question, and prejudicial error is predicated thereon.

The question is not clear; but assuming that it was intended and was understood by the witness as an inquiry as to whether in his opinion all of the handwriting on the log was that of one individual, and that the offer of proof by defendant was sufficient to apprise the court and the opposing counsel of his intention in the premises, the materiality of the question, other than the possibility of drawing an inference from its answer that on the date in question the prosecutrix was in the company of some man

other than defendant, and to reason therefrom that the prosecutrix was not telling the truth regarding the matter— is not apparent. The record discloses several conflicts in the testimony as between the prosecutrix and other witnesses; and the reception of the proposed testimony probably would have produced no result other than to act accumulatively with other similar evidence toward the impeachment of the prosecutrix and concretely raise a question in the minds of the members of the jury as to which witness was correct with reference to the handwriting on the log, which, in itself, was of minor importance. From the evidence, including any statement which might have been made by the expert on handwriting, it is possible that the jury would have concluded either that the prosecutrix was mistaken as to the date of the alleged occurrence on July 15th, or even that she had deliberately misrepresented the facts concerning it, and yet, in view of strong corroborative evidence, have been fully convinced that she spoke the truth as to the happenings on March 23d, as charged in the information.

A situation similar in many respects arises with reference to three other questions which were asked by defendant's counsel of three several witnesses, and to which questions objections were sustained by the trial court at the instance of the prosecution. In addition to the point that as to each of such questions, there was nothing to indicate what the answer to it would have been, no offer of proof was made in connection therewith. Furthermore, one of the questions thus propounded was compound in its nature besides being objectionable from several other standpoints, including the objection that it was impeaching in its character and that no foundation was laid therefor. Moreover, it clearly appears, considering the circumstances, that the damage, if any, which resulted to defendant by reason of the refusal of the trial court to permit any or all such or any other questions to be answered was so slight that this court would not be justified in ordering a reversal of the judgment on account thereof.

[5] Appellant presents the point that the defendant was prejudicially affected in his substantial rights by reason of the statement made by the judge of the trial

court that "it isn't necessary to prove whether Mr. Arnold was the father of the child or not."

Appellant's point is that, inasmuch as the prosecution had seen fit to produce the child and to claim that it was the result of the act of intercourse of date March 23, 1925, the prosecution was bound to stand or fall by reason of such position. It is clear that even though it might have been satisfactorily shown that the defendant was not the father of the child, still if he and the prosecutrix indulged in the act of sexual intercourse on or about the date alleged in the information, he would be guilty of the offense charged—from which it would follow that the statement made by the judge was correct as a principle of law. We fail to see how any material harm could have resulted to defendant by reason thereof.

[6] Finally defendant contends that, in connection with the attempt on the part of the defendant to impeach testimony given by the prosecutrix, the trial court erred by stating in the presence of the jury that the testimony given by the prosecutrix to the effect that she had sustained meretricious relations with defendant at a time fixed as "just before May" was not inconsistent with a former statement made by the witness that the act occurred on March 23d. In connection therewith the jury was instructed that it was not to infer from any remarks or rulings made by the court as indicating how the case should be decided; also that "the testimony of the prosecutrix should be carefully scanned and be acted upon with great caution." Perhaps it was unnecessary for the trial judge to be so specific in his ruling, when the same result would have been accomplished by sustaining the objection without comment—but which latter course, to an intelligent juror, would have carried the identical meaning. But if error was committed, which under the circumstances we are unprepared to concede, it was cured, or at least rendered innocuous, by the instructions given by the trial court to the jury to which reference has been had.

On the whole, while the evidence, especially as to several collateral details or incidents, was somewhat conflicting, the jury was the final arbiter of the facts. On the main issue the evidence, if not conclusive, was sufficient to sup-

port the verdict—in fact, no claim is made to the contrary. It cannot be said that, after an examination of the entire evidence, any one of the claimed errors, nor all of them combined, were so prejudicial that had they not occurred a different result would have been reached.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.