[Crim. No. 1860. Second Appellate District, Division Two.—October 18, 1929.]

THE PEOPLE, Respondent, v. CLAUDE N. HEWITT, Appellant.

A. Perry Harris for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant was charged by information filed by the district attorney of Los Angeles County with statutory rape, alleged to have been committed upon a female person of the age of fifteen years, on or about December 1, 1928, December 15, 1928, and March 30, 1929. Having been convicted upon all three counts, a motion for a new trial was presented, which was denied, and the defendant appeals from the judgments and from the order last mentioned.

The principal ground assigned for reversal arises from conflicting evidence which appellant attempts to construe as rendering the evidence offered by the People so inconsistent and improbable as to have resulted in a miscarriage of justice. An exhaustive *résumé* of the details is not necessary. The prosecutrix testified that appellant, who is her father, had so conducted himself toward her that she feared him, and that on the first occasion he accomplished the act charged when she was about to take a bath; that he cautioned her to be quiet; that his revolver hung on the bedpost and that she made no outcry. The second offense, according to her testimony, occurred as she lay on her bed,

reading, when her mother had gone to the store; that she fought with her hands and made an outcry. She swore that upon the third occasion the defendant threatened her with a wrench while repairing his automobile, and said that should she refuse to comply with his demands when made he would kill her, and that she should not inform her mother; that she accompanied him in the machine to a secluded place in a vacant street or alley, where he repeated the sexual offense charged in the information. The child further testified that during this latter debauchery appellant had his gun with him, and that he also told her to make no complaint lest there might be people around; that she pleaded with him, finally becoming hysterical. It appears from the testimony of the prosecutrix that upon her return home on March 30th other members of the family were preparing for a picnic luncheon on the following day, Easter Sunday, and that on the following Friday she related her experiences to an aunt, who, with the defendant's mother, accompanied her to the offices of the juvenile department. A county physician testified to the physical evidences tending to corroborate the fact of recent penetration.

The conflict in the evidence, if it was worthy of consideration by the jury, consisted merely of denials by certain witnesses as to minor details. The prosecutrix stated upon the stand that the defendant had not treated her with the respect and kindness due to a child until she began to grow older; that he prevented her from going out alone, but that he would take her to picture shows and call for her later. The defendant and his witnesses testified in part that he had not objected to the girl leaving home with others, whereas her sister swore that the prosecutrix and the defendant did disagree over the fact that she wished to remain out with boys after picture shows were attended by her. While the defendant's grandmother testified that there had been no preparation for a picnic, as related by the prosecutrix, her sister in turn stated that such preparations were in progress at the time mentioned. Appellant testified that the girl had threatened to leave home unless permitted to associate with boys, which testimony was denied by the prosecutrix, as well as testimony of another witness that she had been riding with boys, contrary to appellant's wishes.

It is admitted in the briefs of appellant that the evidence was carefully and exhaustively discussed in the trial court upon the motion for a new trial. The evidence adduced by the prosecution was not, because of any of the specified contradictions, so inherently improbable as to require or justify a different view upon appeal from that taken below. The appearance of the witnesses, their demeanor upon the stand, and the manner in which they testified, together with other considerations of which only the court and jury might avail themselves during the trial, though discussed here in the briefs, cannot be disregarded or construed in favor of the appellant. Family associations and resentment of the prosecutrix because of alleged social restraints, although possible causes of retaliation in seeking a shield for favorites, cannot as a mere theory be said to overcome positive evidence, and particularly so after having been twice reviewed in the tribunal of first instance. (*People* v. *Kruvosky,* 53 Cal. App. 744 [200 Pac. 831]; *People* v. *Price,* 26 Cal. App. 544 [147 Pac. 591].) ■ One may be convicted of rape even upon the uncorroborated testimony of the prosecutrix, if the jury believe her testimony (*People* v. *Wademan,* 38 Cal. App. 116 [175 Pac. 791]; *People* v. *Jones,* 76 Cal. App. 144 [244 Pac. 101].) ■ It appears, as already noted, however, that the prosecutrix was corroborated, in some particulars, and the case is governed by the rule that her testimony must be accorded full credit, and the judgments be affirmed in this respect, since there is substantial evidence tending to support them. (*People* v. *Tom Woo,* 181 Cal. 315 [184 Pac. 389]; *People* v. *Porter,* 48 Cal. App. 237 [191 Pac. 951].)

■ The defendant attempted to inject into the case during the direct examination of his mother "the feeling of Mrs. Anderson and Mrs. Hewitt and Mrs. Armstrong with reference to this defendant," who were not witnesses, for the purpose of showing that the charge of the prosecutrix was a "concocted story." It is contended that animosity had prompted threats to send the appellant to the penitentiary, but there is no evidence of such nature in the record, and the objection to the question embracing the language above quoted was properly sustained.

■ Finally, it is insisted that the trial court erred in denying a new trial upon the presentation of an affidavit given by

the sister of the prosecutrix wherein it was averred that the latter during confinement at juvenile hall, and after the trial, had stated that the defendant was not guilty, and that she had testified falsely against him. Her mother also gave an affidavit to the effect that she did not testify upon the trial, and was not called, but that she had been at home during all of the times alleged in the information and knew that the immoral acts charged by her daughter did not and could not have occurred. The purported evidence presented to the court in this manner was properly for the jury, and was cumulative and of an impeaching character which under previous rulings has been held not requiring a new trial. (*People* v. *Tallmadge*, 114 Cal. 427 [46 Pac. 282]; *People* v. *Brittan*, 118 Cal. 409 [50 Pac. 664]; *People* v. *Van Perhacs*, 20 Cal. App. 48 [127 Pac. 1048]; *People* v. *Garvey*, 93 Cal. App. 497 [269 Pac. 702].)

The judgments and order denying a new trial are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.