[Crim. No. 1917. Second Appellate District, Division One.—May 28, 1930.]

THE PEOPLE, Respondent, v. MILES H. LEDBETTER et al., Appellants.

MacDonald & Thompson and Alfred T. MacDonald for Appellants.

U. S. Webb, Attorney-General, James H. Howie, Deputy Attorney-General, Buron Fitts, District Attorney, and William R. McKay, Deputy District Attorney, for Respondent.

HOUSER, J.—Following their conviction of the crime of bribery, defendants appeal from the judgment as well as from an order denying their motion for a new trial. The only reason suggested by appellants for a reversal of the judgment is that error was committed by the trial court in its order by which the motion for a new trial was denied.

The dependent circumstances may be briefly stated as follows: The prosecuting witness, who was corroborated in his testimony by his wife, and one Betty Pierce, who was employed in the household of the prosecuting witness, tended to show that the alleged offense was committed at the home of the prosecuting witness, in the City of Los Angeles, some time either in the latter part of the month of September or the early part of the month of October, and especially at a time after Betty Pierce was employed by such witness. In substance, it was stipulated by the parties to the action that Betty Pierce was not in the employ of the prosecuting witness prior to August 8th; and admittedly the evidence is conclusive to the effect that, as far as related to the transaction out of which the alleged bribery arose, defendants came in contact with the prosecuting witness at his home on two occasions only. In defense of the charge, evidence was introduced which tended to prove not only that the two meetings in question between

the prosecuting witness and the defendants were innocent in character and could not have occurred either in the month of September or the month of October, but that both of the meetings which took place among the interested persons were at the home of the prosecuting witness, in the city of Los Angeles on the seventh and the eighth days of July preceding, which dates, as before indicated, were long anterior to the date at which Betty Pierce began her employment with the prosecuting witness, and which fact carried the implication that any testimony given by her which tended to corroborate that given by the prosecuting witness was necessarily false, and cast discredit upon the testimony given by each of the other witnesses introduced by the prosecution. In rebuttal of such testimony, the prosecuting witness and his wife testified that neither of them was at the home of the prosecuting witness in the city of Los Angeles on either the seventh or the eighth day of July. On the hearing of the motion for a new trial, which was based upon the ground of "newly discovered evidence," defendants relied upon affidavits presented by them therein which were in direct contradiction of the testimony given by the prosecuting witness and his wife to the effect that neither of them was at the home of the prosecuting witness, in the city of Los Angeles, on either the seventh or eighth day of July. In response to such affidavits the People introduced several counter-affidavits which in substance were in corroboration of the testimony given by the prosecuting witness and his wife relating to their whereabouts on such dates as being in an apartment house in the city of Venice.

On a review of the authorities, the principle of law is outstanding that whether a new trial should be granted for the reason that since the trial of the action new evidence has been discovered, which is either corroborative of that introduced by the moving party, or, on the other hand, in the nature of impeachment of, or contradictory to, that produced by the other party, rests in the sound discretion of the trial court; and unless it manifestly appear that the discretion lodged in the trial court has been abused, the appellate court will not disturb the judgment.

In the case of *People* v. *Sing Yow*, 145 Cal. 1 [78 Pac. 235, 236], the principal point made on the appeal related to the action of the trial court in refusing to grant the motion

for a new trial urged by the defendant on the ground of newly discovered evidence. From the statements contained in the several affidavits presented by the defendant on his motion for a new trial, it appeared not only that the defendant did not commit the crime of which he was charged, but as well that the crime was committed by two other individuals whose identity was clearly established; furthermore, the falsity of the testimony of one of the witnesses who had testified that he saw the defendant commit the crime was clearly made to appear; and, in addition thereto, a complete alibi for the defendant was set up in that at the time the crime was committed he was "not in fact present thereat, but at the time thereof were (was) elsewhere." In denying the motion for a new trial, the Supreme Court said, in part:

". . . It has been repeatedly said by this court that a motion for a new trial on this ground is addressed to the sound legal discretion of the trial court, and that the action of that court will not be disturbed, except in an instance manifesting a clear abuse of such discretion. A defendant is not entitled to a new trial as a matter of right simply because he has discovered new evidence which might have been admitted on the trial, if discovered earlier. . . .

"The question as to the effect upon the case of the newly discovered evidence is from its nature peculiarly one that is addressed to the discretion of the trial court; . . . and the motion should undoubtedly be granted where the showing is such as to make it apparent to the trial court that the defendant has, without fault on his part, not had a fair trial on the merits, and that by reason of the newly discovered evidence the result would probably be, or should be, different on a retrial. But unless the appellate court can plainly see that this discretion has been abused, that the showing made was of such a character as to make it manifest that the case would or should result differently on a new trial, in view of the newly discovered evidence, the order of the trial court refusing a new trial will not be disturbed. (Citing cases.)

"The showing made by the affidavits presented on behalf of defendant was not such as to warrant us in holding that the trial court abused the discretion confided to it in this matter. . . . "

For rulings to the same effect in similar situations, see *Linforth* v. *San Francisco Gas & Elec. Co.*, 156 Cal. 58 [19 Ann. Cas. 1230, 103 Pac. 320]; *Waer* v. *Waer*, 189 Cal. 178 [207 Pac. 891]; *People* v. *Lakenan*, 61 Cal. App. 368 [214 Pac. 1021]; *People* v. *Froehlich*, 65 Cal. App. 502 [224 Pac. 471].

On the trial of the instant case, the evidence introduced by the People tended to show that the offense, if any, was committed on some date near the first of October; while the effort of the defendants was chiefly expended in showing that the only opportunity afforded for its commission was on the seventh and the eighth days of the preceding July. It thus appears that the "newly discovered evidence" disclosed by the affidavits presented by defendants on their motion for a new trial would have been but cumulative to that introduced by them on the trial of the action. If the date of the two meetings among the defendants and the prosecuting witness *had been established* as of the seventh and the eighth days of July, other than generally discrediting the testimony of the prosecuting witness and his wife, the only effect thereof would have been that the testimony given by Betty Pierce would have been successfully impeached. The substance of her testimony was that on one of two occasions happening between September 1st and the following Christmas, in the house of the prosecuting witness, at a time when the prosecuting witness, defendant Ledbetter and "another man" were present, she "saw a roll of bills . . . in somebody's hands." Again, if it be assumed that the testimony given by Betty Pierce was false, the other evidence in the case would still remain; and its insufficiency to support the verdict is not even suggested by appellants. The action by the trial court in denying the motion for a new trial was tantamount to its declaration that in its opinion not only did the defendants have a fair trial on the merits, but in addition thereto, that should a new trial be granted, on a rehearing of the action the "newly discovered evidence" would make no difference as far as the verdict of the jury was concerned.

In arriving at a conclusion contrary to that urged by appellants, this court is not unmindful of the case of *People* v. *Goodwin*, 202 Cal. 527 [261 Pac. 1009], which in its facts presented a situation resembling that in the instant case, and where an order by the trial court denying a motion for a

new trial was reversed. However, it is the law that a decision in each case must rest upon its own peculiar facts; and the final test on appeal must be whether in denying a motion for a new trial the trial court abused its discretion. In the instant case this court is unable to perceive any failure on the part of the trial court to properly and legally perform its duty in that regard.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for rehearing of this cause was denied by the District Court of Appeal on June 10, 1930.