[Crim. No. 224.   Fourth Appellate District.—November 2, 1931.]

THE PEOPLE, Respondent, v. LONNIE JENKINS, Appellant.

Utley & Nuffer for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

ALLISON, J., *pro tem.*—The defendant in this case is charged by information with the crime of robbery. The jury returned a verdict of guilty of robbery in the second degree. This appeal is from the judgment of conviction and from an order denying defendant's motion for a new trial.

It appears that on the twelfth day of June, 1931, the defendant was running a "Beer Garden" situated about two miles east of the city of Brawley, in the county of Imperial, state of California. The defendant was present in the early part of the evening and was engaged in dealing a gambling game called "Twenty-One". About midnight the defendant left the place and returned about 12:30 A. M. About 1:30 A. M. or thereabouts, two masked men, armed with shotguns, returned to the premises. One of the armed men was recognized as the defendant. The defendant stuck his shotgun against the back of the complaining witness Abraham and ordered him to put up his hands. While the defendant held the gun the other masked man took $50 and

some papers from Abraham's pocket. Notwithstanding the disguise that the defendant assumed, he was recognized by five persons who were in and about the defendant's place on the occasion in question. The defense produced an equal number of witnesses who testified that they were there at the time of the robbery, some of whom were victims thereof, and that neither of the two masked men who did the robbing was the defendant.

It is first contended that the court erred by instructing the jury in effect that they might find the defendant guilty of robbery in the second degree, and that the verdict of the jury finding the defendant guilty of robbery in the second degree was and is contrary to the law and the evidence. In support of defendant's contention he insists that whoever committed the robbery in question committed the crime of first degree robbery, and that there is no dispute that the crime was committed by two men, both of whom were armed with shotguns, which are dangerous and deadly weapons, and that if the defendant participated therein he is guilty of robbery in the first degree and not in the second degree. That, therefore, there was no evidence to warrant the court in instructing the jury that they might find the defendant guilty of robbery in the second degree.

It is conceded that the evidence introduced by and on behalf of the prosecution tended to prove only the commission of the crime of robbery in the first degree. One of the instructions in question is given in the language of the statute defining the crime of robbery and the degrees thereof. The other instruction requires the jury, in the event that they find the defendant guilty, to find the degree of the crime of which he is guilty.

The appellant cites the case of *People* v. *Kelley*, 24 Cal. App. 54 [140 Pac. 302], as supporting his contention. In that case the defendant was charged with the crime of murder, and upon trial was convicted of the crime of involuntary manslaughter. The appellate court found, after an exhaustive review of the evidence: "That there is absolutely no element of involuntary manslaughter disclosed by the evidence in this case. In other words, there is not revealed by the evidence any fact or circumstance, even remotely, tending to establish against the defendant a case of involuntary manslaughter." Nevertheless the trial court

in that case instructed the jury upon the question of involuntary manslaughter, of which crime the defendant was convicted. The court held that the giving of the instruction on involuntary manslaughter was not only foreign to the theory upon which the cause was tried, but wholly inapplicable to the evidence or any fact or circumstance developed thereby.

In the instant case the information charged the defendant with having accomplished the robbery of his victim "by then and there putting the said E. G. Abraham in fear". Whether or not the element of fear entered into the transaction was a question for the jury to determine.

The case of *People* v. *DeVerre*, 68 Cal. App. 742 [230 Pac. 197], was a case in many respects similar to the instant case. The trial court in that case gave the code sections defining robbery in the first and second degrees; also submitted to the jury three forms of verdict, one finding the defendant guilty of robbery in the first degree, one finding him guilty of robbery in the second degree and the other finding him not guilty. The jury found the defendant guilty of robbery in the second degree. It was urged by the appellant in that case that the instruction was misleading and that the defendant was either guilty of robbery in the first degree or not guilty, and that the jury would not have returned the verdict they did unless they had been misled by the instructions given by the court. The appellate court held that the fact that the jurors brought in a verdict lesser in degree than they might have done, and that the case would have sustained a verdict of guilty of robbery in a higher degree, affords no grounds for reversal and does not authorize this court in concluding that the jury was misled by the instructions of the court. The fact that the jury found the defendant guilty in a lesser degree than the evidence may have warranted, being to his advantage, he is in no position to complain. (*People* v. *North*, 81 Cal. App. 113 [252 Pac. 1063]; *People* v. *Washburn*, 54 Cal. App. 124 [201 Pac. 335]; *People* v. *Freithofer*, 103 Cal. App. 165 [284 Pac. 484].) We see no prejudicial error in giving the instruction in question.

It is next contended that the court erred in ordering certain answers given by the witnesses Wilson and Gilman on cross-examination, stricken from the record. From an

examination of the transcript of the testimony of both these witnesses we are of the opinion that in each instance when the court struck out certain answers of the witnesses given, that the question had no relation or connection with the matters covered in the direct examination of the witnesses and was therefore properly stricken by the court.

It is next urged that the court erred in denying appellant's motion for a new trial. It appears from certain affidavits filed in support of the motion for a new trial that one Lester Norman, one of the witnesses for the People, five days after the trial of the case, stated to the defendant that he could not recognize the defendant as being the man who participated in the robbery, and further stated that the man who held him up and whom he previously attempted to identify as the defendant, was a much larger man than the defendant. This affidavit is corroborated by the affidavits of two persons, who state that they overheard Norman make the admissions in question. The purported evidence presented to the trial court was of an impeaching character, tending to impeach the testimony of Norman.

In the case of *People* v. *Tallmadge,* 114 Cal. 427 [46 Pac. 282], quoting from *People* v. *Maguire,* 2 Hun (N. Y.), 269, the court said: "The affidavit of such a person is not entitled to so much weight as to justify the conclusion that the evidence given by him, and which the jury may have regarded as credible and reliable, was corruptly and wilfully false. The conclusion of the jury would rather warrant the presumption that his testimony was truthful and his affidavit false."

The order refusing to grant a motion for a new trial on the ground of newly discovered evidence is conclusive on the appellate court in the absence of a clear showing of abuse of discretion. (See *People* v. *Byrne,* 160 Cal. 217 [116 Pac. 521]; *People* v. *Garvey,* 93 Cal. App. 497 [269 Pac. 702]; *People* v. *Tallmadge, supra; People* v. *Hewitt,* 101 Cal. App. 306 [281 Pac. 666].) In our opinion the trial court was fully justified in denying defendant's motion for a new trial.

It is also urged that the trial judge erred in taking an active part in the examination of witnesses, and that in doing so he gave the jury the impression that the court believed in the guilt of the defendant. No objection was

made at the time to the court asking questions of the witnesses. No exceptions were taken to the conduct of the court in this respect and no opportunity given to the court to correct any error, if any there was committed, at said time. It is true that the court asked a number of questions of witnesses for the purpose of illustrating and making clear any point that might otherwise have remained obscure. This was held to be proper in the case of *People* v. *Reid,* 72 Cal. App. 611 [237 Pac. 824].

Appellant urges other matters as constituting prejudicial and reversible error. The assignments thereof are not accompanied by substantial argument or any citation of authorities. For this reason the appellate court will decline the burden of assuming further research. (See *People* v. *Zarate,* 54 Cal. App. 372 [201 Pac. 955] ; *People* v. *Titus,* 85 Cal. App. 413 [259 Pac. 465] ; *People* v. *Schlosser,* 99 Cal. App. 593 [278 Pac. 898].)

Taking the record as a whole we find that there was ample evidence to sustain the verdict and judgment and that the same is free from prejudicial error.

Judgment and order affirmed.

Barnard, P. J., and Marks, J., concurred.