[Crim. No. 2311. Second Appellate District, Division One.—May 22, 1933.]

THE PEOPLE, Respondent, v. WILLIAM KNEWBOW, Appellant.

Thomas W. Cochran for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CONREY, P. J.—This appeal is from the judgment of the trial court sitting without a jury, which followed the conviction of defendant of the commission of the crime of grand theft, and from an order by which the motion of defendant for a new trial was denied.

It is unnecessary to make a detailed statement of the facts. The essential substance of the charge against defendant and the ultimate fact established by the evidence to the satisfaction of the trial court was that by means of false pretenses made by defendant as to his ownership of a certain piece of real property, he procured a loan from the complaining witness of the sum of $50,000, and as security for the repayment of which loan in part he executed a deed of trust to the property, of which deed the complaining witness was the beneficiary.

At the outset it may be remarked that an observation made by the Supreme Court in the case of *People* v. *Byrne*, 160 Cal. 217, 225 [116 Pac. 521, 525], seems appropriate to the situation presented by the record herein, to wit: ''While a mere reading of the record in this case necessarily leaves one in grave doubt on the question of the defendant's guilt, there is certainly enough in the evidence to sustain the conclusion of the jury and trial judge who saw and heard the various witnesses, and who were in a much better position to determine the truth than a court that does not possess such an advantage.''

Although as appears from the record of the proceedings had on the trial of the action, as between the evidence presented by the prosecution and that adduced on behalf of defendant, a very decided conflict existed, nevertheless, since

considered by itself the evidence which tended to establish the guilt of defendant was sufficient for that purpose, in accordance with the well-established rule which governs the powers of appellate tribunals, and in the absence of certain exceptions to such rule not here applicable, this court is unauthorized to disturb the judgment because of the assumed fact that, judged by the cold record, the evidence either apparently preponderated in favor of the innocence of defendant, or at least likewise was sufficient to create a reasonable doubt as to his guilt.

In effect, and as expressed in various specifications of error, it is contended by appellant that he was prejudiced by the action of the trial court in its refusal:

(a) To admit evidence either offered by defendant directly, or by way of cross-examination of witnesses introduced by the prosecution, relative to the fact that the convention of the parties to the loan included an agreement not only that for the performance by the complaining witness of two hours' service per week to the corporation of which defendant was the president, the complaining witness was to be compensated at the rate of $600 per month; and that employment was to be provided for each of three different members of the family of the complaining witness; all for the purpose of "covering up the real consideration for the loan, and to permit Leff (the lender) to exact usurious interest . . . " And in the court's refusal:

(b) To admit evidence likewise sought to be introduced by defendant either directly or by way of cross-examination of prosecution witnesses regarding a false set of minutes of the said corporation, which assertedly were prepared at the suggestion of said complaining witness for the sole purpose of deceiving a designated person and thereby inducing him to become a guarantor on a promissory note which evidenced the making of said loan and provided for its repayment to said complaining witness.

As hereinbefore has been indicated, the ultimate issue between the parties to the action was whether defendant had falsely represented to the lender of the money that defendant was the owner of a specified piece of real property which was offered as part security for the loan, and by such means had secured the loan from such lender. In the trial of the case the decision concerning the truth of the charge

depended very much upon the credibility of the complaining witness. In the face of some evidence tending to impeach that witness, the court appears to have believed and accepted his testimony. If the court had received and had believed the rejected evidence to which we have referred the facts thus established would have given added weight to the impeachment. We are satisfied that the court erred in rejecting that evidence, all of which related to the circumstances of the very transaction whereby it was alleged that the defendant had committed the crime charged in the indictment. Upon full consideration of the record it seems to us reasonable to conclude that if this rejected evidence had been before the court for consideration in arriving at its decision of the cause, there would be an increasing probability that the defendant would not have been convicted. Taken in connection with the record in general, there is thus indicated a probable miscarriage of justice resulting from the rejection of said evidence.

"Newly-discovered evidence" was among the grounds upon which defendant relied for the granting of his motion for a new trial. An examination of the statements contained in the several affidavits presented by defendant in support of his motion discloses the fact that the effect of the testimony which might, or would be, given on a retrial of the action by the persons who made such affidavits was but cumulative of the mass of evidence of like character which formerly had been received.

Even though it be assumed that due diligence had been exercised by defendant to produce at the trial the evidence which he claimed had been discovered after the trial of defendant had taken place, "the trial judge is still called upon, in the exercise of a wise discretion, to determine the weight to be given to the evidence produced upon the motion for a new trial, the truth of the matters shown thereby, and the materiality and probability of the effect of them if believed to be true." (*People* v. *Byrne*, 160 Cal. 217, 226 [116 Pac. 521, 525].)

As this court remarked in the case of *People* v. *Ledbetter*, 106 Cal. App. 109, 111 [288 Pac. 832, 833] : "On a review of the authorities, the principle of law is outstanding that whether a new trial should be granted for the reason that since the trial of the action new evidence has been dis-

covered, which is either corroborative of that introduced by the moving party, or, on the other hand, in the nature of impeachment of, or contradictory to, that produced by the other party, rests in the sound discretion of the trial court; and unless it manifestly appear that the discretion lodged in the trial court has been abused, the appellate court will not disturb the judgment.''

Since the determination of the question of whether ''newly-discovered evidence'' affords a sufficient ground for the granting of the order for a new trial rests within the discretion of the trial court, in accordance with the well-established rule governing such a situation it is only when it appears that the trial court was guilty of an abuse of discretion that an appellate tribunal is authorized to disturb the conclusion reached by the trial court. (*People* v. *Hewitt,* 101 Cal. App. 306 [281 Pac. 666]; *People* v. *Oxnam,* 170 Cal. 211 [149 Pac. 165]; *People* v. *Weber,* 149 Cal. 325, 348 [86 Pac. 671]; *People* v. *Yeager,* 194 Cal. 452, 489 [229 Pac. 40]; *People* v. *Walton,* 97 Cal. App. 782, 783 [276 Pac. 426]; *People* v. *Ledbetter, supra; People* v. *Staigers,* 92 Cal. App. 628 [268 Pac. 923].)

The ruling of the court in denying the motion for new trial might well be sustained, if said motion depended solely upon the affidavits showing newly discovered evidence; nevertheless, when the motion is also considered in relation to the erroneous rejection of evidence to which we have referred, we are satisfied that a new trial should have been granted.

For the foregoing reasons the judgment, and the order by which the motion for a new trial was denied, are reversed.

York, J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1933.