[Crim. No. 3160. Second Appellate District, Division Two.—December 22, 1938.]

THE PEOPLE, Respondent, v. CLEMENTE L. VALENCIA, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of murder in the second degree. This appeal is from the judgment and order denying his motion for a new trial. There is also a purported appeal from the sentence.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 658 [266 Pac. 558]), the facts in the instant case are:

May 6, 1938, defendant went to the home of Mr. and Mrs. Fortalesa. He knocked at the front door, which was open, whereupon Mrs. Fortalesa told her husband that defendant

was at the door. Thereafter defendant shot Mr. Fortalesa, who died as a result of the wounds.

Defendant relies for reversal of the judgment on the following propositions:

*First:* The trial court committed prejudicial error in sustaining objections to the following questions:

*(a)* "Q. Do you recall if any time in February or March or April that you and Mary were together and Mary told you that her husband was going to get Clemente?

"A. Yes.

"MR. FERGUSON: That is objected to. Incompetent, irrelevant, and immaterial, not tending to illustrate any issues involved in this case.

"THE COURT: The objection is sustained."

*(b)* "Q. Will you just tell us what he said and what you said?

"MR. FERGUSON: Object to that as immaterial and hearsay.

"MRS. ROOT: Now, if your Honor pleases, it is not hearsay in that it was a definite threat as made against the life of Clemente Valencia.

"THE COURT: The defendant was not there, was he?

"MRS. ROOT: The defendant was not there.

"THE COURT: Objection sustained."

*Second:* The district attorney committed prejudicial error in stating, during the course of his argument, to the jury the following:

" . . . She said also that the deceased, and this was vicious, a vicious statement for her to make, one that I wish she had not made, that the evidence in this case would justify the belief that the deceased knew that his wife was getting money from the defendant and was happy to have a meal ticket. Mrs. Root dipped very, very far down into filth when she made that statement to you, because there is not a bit of evidence in the case to establish that or sustain that statement."

*Third:* The trial court committed prejudicial error in denying defendant's motion for a new trial on the ground of newly discovered evidence.

■ It was not *prejudicial* error for the trial court to sustain an objection to the question set forth in paragraph (a) of appellant's first proposition. The law is established that error in sustaining an objection to a question is not *prejudicial*

if the question was answered before the objection thereto was sustained and a motion to strike the answer was not made. (*People* v. *Arnold*, 80 Cal. App. 623, 626 [252 Pac. 635].) In the present case the question asked the witness was answered before an objection was made thereto, and a motion to strike the answer was not made. It therefore is clear that the question and answer were left for the consideration of the jury.

Neither was it *prejudicial* error for the trial court to sustain the objection to the question set forth in paragraph (b) of appellant's first proposition. The law is established that the erroneous exclusion of evidence is not *prejudicial* error where the excluded evidence is cumulative to other evidence which is introduced at the trial. (5 Cor. Jur. Sec. (1937) 1057, sec. 1749. See, also, cases cited in 8 Cal. Jur. (1922) 619, sec. 600, note 6; and 4 Cal. Jur. Ten-year Supp. (1936) p. 876, sec. 600.) In the instant case the trial court permitted other testimony that deceased had made threats against the defendant's life. Therefore, the excluded evidence was merely cumulative to evidence which was received during the course of the trial, and hence the error was not prejudicial to defendant.

The second proposition presented by appellant may not be urged in this court for the reason that he did not lay the proper foundation in the trial court for review here of the alleged misconduct of the district attorney. The law is settled that, unless the harmful result of the alleged misconduct of a district attorney cannot be obviated by appropriate instructions of the trial court, a defendant may not predicate error thereon in this court in the absence of (1) an assignment of such alleged misconduct as error, and (2) a request to the trial court to instruct the jury to disregard it. (*People* v. *DuBois*, 16 Cal. App. (2d) 81, 87 [60 Pac. (2d) 190].) Defendant neither assigned the alleged misconduct as error nor did he request the trial judge to instruct the jury to disregard such misconduct, although the harm, if any, might well have been obviated by an appropriate instruction.

Appellant's final contention is likewise without merit. The law is settled that evidence which merely tends to impeach the testimony of a witness is not such newly discovered evidence as will form the basis for granting a motion for a new trial. (*People* v. *Haines*, 64 Cal. App. 628, 631 [222 Pac.

183]; *People* v. *Jenkins*, 118 Cal. App. 115, 119 [4 Pac. (2d) 799]. See cases cited in 8 Cal. Jur. (1922) 431, sec. 454, note 14, and 4 Cal. Jur. Ten-year Supp. (1936) 754.) In the instant case the newly discovered evidence consisted solely of an affidavit of Mrs. Fortalesa impeaching her testimony at the time of the trial. Hence, the trial court ruled correctly in denying the motion for a new trial.

An appeal does not lie from the sentence. (*People* v. *McNeil*, 27 Cal. App. (2d) 353, 357 [81 Pac. (2d) 243].) Therefore, the purported appeal from the sentence is dismissed.

The judgment and order are and each is affirmed.

Crail, P. J., and Wood, J., concurred.