[Crim. No. 2073.  Third Dist.  Dec. 10, 1948.]

THE PEOPLE, Respondent, v. THEODORE H. JONES, Appellant.

Walter L. Gordon, Jr., for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General ,for Respondent.

152

PEEK, J.—Defendant was convicted on three and acquitted on one of the four counts of an information charging him with the violation of section 288 of the Penal Code. From our examination of the record it appears that the trial court properly denied his motion for a new trial and that the judgment of conviction should be affirmed.

Two contentions are made by defendant, (1) that the trial court abused its discretion in denying his motion for a new trial and (2) that the evidence was insufficient to support the judgment of conviction. He does not separately argue the contentions so made, but appears to have combined his attack upon both the order and the judgment, contending that by reason of certain affidavits introduced by him at the hearing on said motion the testimony of the complaining witnesses was unworthy of belief and obviously false and therefore as a matter of law failed to sustain the convictions, and that for the same reason the trial court abused its discretion in denying his motion for a new trial.

The record discloses substantial evidence, uncontradicted except for defendant's categorical denials, that the three young boys aged 6, 9 and 12 years respectively, who are named in the counts upon which defendant was found guilty, appeared and testified fully concerning the acts alleged in said information; that said complaining witnesses played with defendant on numerous occasions, both in his apartment and on the lawn of the housing project where all of the parties lived; that when the boys visited said apartment during the period in question defendant would lock the door, and when their parents called for them he would let the boys out of the apartment through the back door, and that the father of one of the complaining witnesses testified concerning the physical condition of his son and one of the other complaining witnesses. The record also discloses testimony by the defendant admitting the showing of obscene photographs to one of the boys.

Shortly after the trial one of the complaining witnesses signed an affidavit to the effect that the testimony given by him at the trial was false and that he was not molested in any manner by the defendant. By a counteraffidavit dated four days thereafter this same witness averred that his original testimony was true; that his prior affidavit was not true, that he did not state the defendant had not molested him but that the defendant had not hurt him, meaning that he had not suffered physical injury as a result of the defendant's acts

against his person.  The remaining affidavits relied upon by defendant were made by three boys who did not testify at the trial and who were not named in any of the offenses charged against the defendant.  However, one of these affiants also made a counteraffidavit wherein he stated that on one occasion he had observed the defendant commit unlawful acts upon the person of one of the complaining witnesses and that his prior affidavit was not true.  All of the affidavits introduced by defendant are in general to the effect that the affiants were present in defendant's home on numerous occasions; that on such occasions defendant did not mistreat them in any manner and that they did not observe the defendant mistreat any of the complaining witnesses.

It is too well established to warrant citation that a reviewing court is bound by the verdict of the jury where the record discloses substantial evidence either contradicted or uncontradicted to support such conclusion.  ██  The failure of the boys to report to their parents the commission of the offenses until the time the police officers questioned them, their manner of testifying and their vagueness concerning the dates upon which the specified acts charged were committed, does not appear to brand their testimony unworthy of belief and obviously false as a matter of law as the defendant contends.

It is equally well established that an appellate court will not disturb the order of a trial court granting or denying a new trial unless the record discloses an abuse of the discretion lodged with the trial court.  ██  Additionally it may be said that where as here the motion attacks the credibility of the witnesses, apparently upon the ground of newly discovered evidence, and sole reliance is placed upon affidavits wherein testimony has been retracted inferring that upon retrial the affiants would testify differently, said motion was properly denied.  Such evidence was purely for the purpose of impeachment and was not a ground for the granting of a new trial. (*People* v. *Tallmadge*, 114 Cal. 427 [46 P. 282]; *People* v. *Yankee*, 79 Cal.App.2d 431, 437 [179 P.2d 582].)

The judgment and order are affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 6, 1949.