[Crim. No. 1059.   Department One.—January 19, 1904.]

THE PEOPLE, Respondent, v. JUAN CHUTNACUT, Appellant.

CRIMINAL LAW—TRIAL—CONTINUANCE—DISCRETION.—In a criminal case a motion of the defendant for a continuance of the trial for the absence of a witness rests very much in the discretion of the trial court; and it is only in a plain case of the abuse of such discretion that this court will interfere.

ID.—GRAND LARCENY—STEALING OF COW—ALIBI OF ALLEGED CONSPIRATOR—IMPEACHMENT.—Where the defendant was accused of grand larceny in the stealing of a cow, an affidavit for a continuance, stating that the prosecution claimed that the defendant, who is an Indian, and one Syvoymoit, with two other Indians, stole the cow, and that the defendant expected to prove by absent witnesses an *alibi* as to Syvoymoit, who was not a defendant, and was not being tried, shows no materiality of the evidence, unless it be for purposes of conditional impeachment; and the court did not abuse its discretion in denying the continuance.

ID.—CHALLENGE TO JUROR—ACTUAL BIAS.—Where a juror was chal-
   lenged for actual bias against the defendant as an Indian, but the
   evidence in the record shows to the contrary, the challenge was
   properly denied.

ID.—APPEAL—REVIEW OF INSTRUCTIONS—INSUFFICIENT ARGUMENT.—It
   is not the duty of this court to look at instructions refused which
   are referred to merely by folios, and to examine sections of the
   code referred to merely by number to discover error, where the
   counsel for appellant will not take the time to point out the particu-
   lar instructions refused upon which he predicates error and the law
   which he invokes to show error.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order denying a new trial. N. H.
Conklin, Judge.

The facts are stated in the opinion.

Dadmun & Escobar, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant At-
torney-General, and W. R. Andrews, Assistant District Attor-
ney, for Respondent.

COOPER, C.—Defendant was convicted of grand larceny,
and appeals from the judgment and order denying his motion
for a new trial. He claims that the court erred in denying his
motion to postpone, in denying his challenge to a juror, and
in regard to instructions given and refused. A motion for the
postponement of a case on the ground of the absence of a
witness rests very much in the discretion of the trial court.
It is only in a plain case of abuse of such discretion that we
would interfere. The affidavit on which the motion was based
stated that two witnesses, named therein, had been subpoenaed
and were not in attendance; that the evidence was claimed to
be material, for the reason that the prosecution claimed that
on the twenty-eighth day of February, 1903, at about six
o'clock P. M., the defendant and one Syvoymoit, with two
other Indians, stole the cow described in the information; that
the defendant expected to prove by the absent witnesses that
at the time of the alleged larceny Syvoymoit was at their
house, some three or four miles distant from the place where
the larceny was committed. In other words, the defendant

expected to prove an *alibi* as to Syvoymoit, but Syvoymoit was not a defendant, and was not being tried. The evidence was therefore wholly immaterial, unless it might have been for the purpose of impeachment under certain conditions that might have arisen. Certainly where the conditions must arise during the trial under which certain evidence might be admissible for the purposes of impeachment, the court did not abuse its discretion in denying the continuance. Furthermore, the affidavit did not show that the witnesses could not be reached by attachment, nor that they could reasonably be expected to have been procured if the court had granted the motion.

The court did not err in refusing to allow the defendant's challenge to the juror Airhart on the ground of actual bias. In cases where the evidence is such as to be capable of only one construction, and plainly and clearly shows the bias of the juror, the action of the trial court in disallowing the challenge is reviewable here. (*People* v. *Wells*, 100 Cal. 231; *People* v. *Scott*, 123 Cal. 434; *County of Mono* v. *Flanigan*, 130 Cal. 108.)

We have examined the record fully, and the questions and answers concerning the qualifications of the juror, and we not only find the evidence sufficient to support the view taken by the trial court, but we think the challenge was properly denied.

The juror testified that he would not convict the defendant on any less evidence than if he were a white man; that he had no prejudice against him nor against Indians; that he would give the defendant the benefit of any reasonable doubt, and be guided by the instructions of the court. Counsel seem to lay much stress upon the fact that in cross-examination of the juror he was apparently made to say that he would have to be satisfied of the innocence of the defendant before he would vote for his acquittal; but the evidence when fully examined is not capable of such construction. The questions and answers following the part claimed to show the juror to have so answered are as follows:—

"Q. Would it take less evidence to convince you of the innocence of this defendant because he is an Indian?

"A. No sir.

"Q. The court will instruct you that if there exists in your mind a reasonable doubt as to the innocence of the defendant, it is your duty as a juror to so vote; that being the law, and you having convictions to the effect that you would not vote for a person's innocence unless you was positively convinced of it, would that law hinder you or impede you in any way in rendering a verdict, and would it be against your conscience to vote for his innocence because you was not positively convinced of it?

"A. I would do what I thought was right in my own mind. I would have to be convinced otherwise from argument.

"Q. What would you do under those conditions?

"A. I do not understand that.

"Q. [Repeated by reporter.]

"A. No, I think not."

"*The Court.*—Do you mean reasonable doubt of his innocence or a reasonable doubt of his guilt?

"*Attorney for defendant.*—I should have said reasonable doubt of his guilt, your honor."

In the brief, under the heading "Instructions given and refused," we find the following language in defendant's brief: "And when the court refused to give the instructions asked for, and gave the instructions (Tr., fols. 41, 44, 45) deprived the jury of the law which they were entitled to have as their guide, and took away the right to determine whose cow it really was when the instruction was given as shown in folio 41, Political Code, secs. 3167, 3168, 3169, 3170, 3171, 3172."

It is not the duty of this court to look at instructions refused and given at certain folios, and to examine certain sections of the code in order to discover error for the purpose of reversing a case. If counsel will not take the time to point out the particular instruction or instructions upon which he predicates error, and the law which he invokes, we will not do so. (*People* v. *McLean,* 135 Cal. 309; *People* v. *Cebulla,* 137 Cal. 314.)

We advise that the judgment and order be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.          Van Dyke, J., Shaw, J.

ANGELLOTTI, J., concurring.—I concur in the judgment. The affidavit for continuance did not show the materiality of the proposed testimony of the absent witnesses, so far as the charge against this defendant was concerned; the testimony of the juror Airhart was sufficient to sustain the finding of the lower court that he was qualified; and no error is apparent in the matter of instructions to the jury.