[Crim. No. 1817.  Second Appellate District, Division Two.—June 24, 1929.]

## THE PEOPLE, Respondent, v. ALVERA SCHLOSSER, Appellant.

Trent Penland and J. R. LeGallez for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendant was charged by information with the crime of murder, in that she did on September 29, 1928, kill her husband Fred Schlosser. The jury returned a verdict of guilty of manslaughter, and she appeals from the judgment pronounced upon the verdict and from the order denying her motion for a new trial.

The entire appeal may well be disposed of by calling attention to the fact that the various specifications of error are unaccompanied by argument or citation of authority. Under a well-known rule of procedure we are not called upon, under such circumstances, to assume the burden of searching the record to determine whether there has been

a miscarriage of justice. Were this the only case where counsel have failed to point out the error alleged to have been committed and its prejudicial effect we should be inclined to make a more exhaustive study of the record to determine whether a mistrial has occurred. But we have had occasion several times of late to call the attention of counsel to the fact that it is their duty to present the law and the argument. This is one of the duties they assume upon their admission to the bar. If we are to depart from the rule and shoulder the responsibility of the profession in this particular the time is not far distant when the state will be utterly unable to provide sufficient judicial machinery to transact its business. ■ In the interests of a more comprehensive justice, and with a viewpoint not beclouded by the individual case, we must again assert that where counsel will not take the time to point out the particular errors upon which he relies and the law which he invokes, that we will not. (*People* v. *Chutnacut,* 141 Cal. 682 . [75 Pac. 340].) Nowhere in appellant's opening brief (and no reply brief has been filed) is there anything which leads us to believe or even suspect that there has been a miscarriage of justice.

Judgment and order affirmed.

Craig, J., concurred.

Works, P. J., being absent, did not participate in this opinion.