[Crim. No. 2387. Second Appellate District, Division One.—August 15, 1933.]

THE PEOPLE, Respondent, v. BENJAMIN F. KOENIG et al., Appellants.

Lois Preston Gilbert and I. M. Gilbert for Appellants.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Florence Woodhead, Deputy District Attorney, for Respondent.

DESMOND, J., *pro tem.*—Each of the defendants was convicted by a jury on two counts of "contributing to delinquency" and appeal from the judgment of conviction and from the order of the trial court denying their motions for a new trial. It is urged in appellants' brief that the evidence is insufficient to sustain the verdicts, also that appellants' rights were prejudiced by certain rulings, claimed to be erroneous, made by the trial court on questions involving the admission of testimony. ■ No authority is cited in support of this claim of error as to a single ruling, counsel being content merely to quote from the transcript of testimony many short passages showing the question, objection and ruling. In this situation the remarks of the court in *Gray* v. *Walker*, 157 Cal. 381, at page 386 [108 Pac. 278, 280], are apropos: "Certain errors in admitting or excluding evidence are specified. The objections, rulings, and exceptions are merely stated in appellant's brief, without any citation of authority or any argument beyond the bald declaration that 'in deciding these objections against the defendant the court erred'. We do not feel called upon to consider points so presented." (Citing cases.)

The case last mentioned is a civil action, but the courts passing upon criminal appeals have taken the same view as to the practice of submitting quotations from the transcript without argument or authority pertaining thereto. (*People* v. *Zarate*, 54 Cal. App. 372, 374 [201 Pac. 955]; *People* v. *Schlosser*, 99 Cal. App. 593 [278 Pac. 898]; see, also, 8 Cal. Jur. 546.) We may say, however, that in reading the testimony of this case to determine what weight should be given to the claim of appellants that the verdicts were not supported by the evidence, we were impressed with the prompt, fair and correct rulings made by the learned trial judge who heard the case and can appreciate the difficulty counsel must have experienced in any effort that may have been made to find authority to sustain appellants' claim in regard to these rulings. We find no instance relating to any material testimony where in our opinion the trial court ruled erroneously.

■ Passing adversely upon the contention that the evidence is insufficient to support the verdict, we have this to say: The defendants were occupying a two-story dwelling in a beach town frequented by sailors; two girls, respectively

fourteen and fifteen years of age, testified that while dressed in skirt and "middy", clothing such as is commonly worn by schoolgirls, and accompanied by two sailors, they were admitted to defendants' house about 5.30 P. M. of January 25, 1933, and served with drinks by the two defendants in an upstairs bedroom occupied by one of the sailors and one of the girls, another room on the same floor being assigned to the other sailor and girl; that they stayed all night with the sailors and next day bought some new shoes with money which the sailors gave them, returning to one of the bedrooms and placing their old shoes and the hat of one of the girls in a dresser drawer, where they were found by a police officer a day or two later, at about the time the girls were picked up by juvenile authorities. One pair of shoes and the hat were identified as hers by one of the girls and introduced in evidence; the other girl testified that she had tossed into a waste-basket her old shoes when she saw them at the police station, where, according to the officer, he had brought them.

The two sailors whom the girls identified as their companions on the night in question testified that they had no acquaintance with them, that they had never taken them to the house occupied by the defendants and that they did not know the defendants. The defendants testified that they did not know the sailors and that the girls had never stayed overnight at their house, their story being that on the afternoon of January 26th, the day immediately following the date of the alleged offense, the two girls called at defendants' house looking for work, and on failing to secure it prevailed upon defendant Koenig to take charge of a package temporarily, he saying, as he did so, that he would put it in the lower drawer of a dresser upstairs. This package the girls never returned for; but it was in a lower dresser drawer that the police officer found, unwrapped, the two pairs of old shoes and the hat, some wrapping paper and twine and a sales slip.

It was the duty of the jury to determine in this case who was telling the truth; their verdicts show that they believed the girls. We see no reason why, on this record, and considering the provisions of the Juvenile Court Law, we should disturb these verdicts.

Judgment and order affirmed.

Conrey, P. J., and York, J., concurred.