[Crim. No. 2414.   Second Appellate District, Division Two.—September 28, 1933.]

THE PEOPLE, Respondent, v. RAY BARNETT, Appellant.

John Hyland for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—Defendant was charged in an information filed by the district attorney with the crime of burglary. From a judgment of conviction entered upon the verdict of the jury finding him guilty of burglary in the second degree, and from the order denying his motion for a new trial, he has appealed.

Appellant urges: (1) That the evidence of his identification is insufficient to warrant the verdict, and (2) that "the court erred in many rulings against defendant, as shown on pages 25, 26, 34, 35, 36, 37, 39, 40, 42, 44, 47, 48, 51 and 52, and further by statements made by the court, in the presence of the jury, and admitting testimony, pages 56 and 57, against defendant, and all rulings as shown by pages 61 and 62".

(2) Under this contention we have printed *verbatim* all that appellant's brief says on the various subjects, except that under the heading "Argument" we find the following: "also all the rulings and conduct and statements by the court were prejudicial to defendant". "We are not called upon, under such circumstances, to assume the burden of searching the record to determine whether there has been a miscarriage of justice. . . . Where counsel will not take the time to point out the particular errors upon which he relies and the law which he invokes . . . we will not." (*People* v. *Schlosser*, 99 Cal. App. 593 [278 Pac. 898].)

(1) The witness H. C. Seiler testified that as he was leaving the apartment house in which he resided, at about 1 o'clock A. M., his attention was attracted by the breaking of glass; that he turned to look and saw a man about three feet from the door of the cleaning establishment across the street, "with his arm loaded with suits", going away from it; that the man "turned around the corner", and the witness followed him on the opposite side of the street and saw him throw the suits away; that the man had on a medium light suit with a hat which very well matched, and was "walking as one when they had about two drinks too many"; that he had a good look at the man's face and that he was in sight of him at all times until he was captured, except for two or three minutes when he went into his apartment house to telephone the police; that when the police came he directed them toward where the man was when he last saw him. The witness identified the man positively as the man whom he saw about an hour before at the door of the store fumbling at the lock, but testified that he thought nothing of it at the time.

There was sufficient evidence from which the jury could find that appellant was the man who entered the store.

The credibility of the witness testifying was passed upon by the jury and again by the trial judge, who observed him while on the stand, and we cannot say they were wrong in their conclusion.

Judgment and order affirmed.

Craig, Acting P. J., and Stephens, J., concurred.