[Crim. No. 2953.   Second Appellate District, Division Two.—April 2, 1937.]

THE PEOPLE, Respondent, v. JOHN ALFRED SEARING, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of assault with a deadly weapon. The appeal is from the judgment.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes*, 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

September 8, 1936, Mr. Evans took defendant's wife to her home after a dance. Defendant had shortly before left the party and walked home. After Mr. Evans and Mrs. Searing had driven into the driveway of her residence, defendant approached them and without warning struck Mr. Evans in the face and over the head with the butt end of a shotgun, which resulted in his receiving a broken nose and fractured skull.

Defendant relies for reversal of the judgment on the following propositions:

*First: The trial court committed prejudicial error in the reception and rejection of evidence.*

*Second: The trial court committed prejudicial error in refusing to give the following instructions:*

*(a) "If the defendant, after his previous difficulty with Conrad Evans, feared a sudden attack from Evans, he was justified in arming himself for self-protection and defense, and under such circumstances, his arming should not be construed as evidence of malice to injure Evans."*

*(b) "The law does not require that the defendant should wait until an actual assault upon him has reached the stage where resistance would be useless. If the situation is such that a reasonable man, in the situation of the defendant would be justified in believing that his life was in danger, or that a felony was about to be committed upon him, he could act; and what is apparent danger, should be considered by you as real danger."*

*Third: It was prejudicially erroneous for the trial court to permit defendant to be further cross-examined after the defense had rested its case.*

The law is settled that this court will not assume the burden of searching the record, in the absence of citation of authority or argument, in support of alleged errors. (*People* v. *Chutnacut*, 141 Cal. 682, 685 [75 Pac. 340]; *People* v. *Schlosser*, 99 Cal. App. 593 [278 Pac. 898]; *People* v. *Santos*, 134 Cal. App. 736, 742 [26 Pac. (2d) 522].) In the

instant case defendant has failed to furnish us either authority or argument in support of his first proposition, therefore, we will not consider it.

■ The instruction set forth in paragraph (a) of defendant's second proposition was properly refused for the reason that it instructs the jury on a matter of fact, to wit, that defendant had previously had difficulties with Mr. Evans. This was a question of fact to be left to the determination of the jury; therefore, the instruction was erroneous.

■ ·The instruction included in paragraph (b) of defendant's second proposition was correctly refused for the reason that the principles of law embodied therein were fully, accurately, and completely covered by other instructions given the jury.

■ The final proposition urged by defendant is untenable, in view of the settled rule that a witness once examined may be recalled when leave of the court is first obtained. (Sec. 2050, Code Civ. Proc.) In the instant case leave was granted the prosecution by the trial court to recall defendant for further examination after the defense had rested, and defendant has failed to show affirmatively that this ruling was erroneous. (*People* v. *Watts*, 198 Cal. 776, 793 [247 Pac. 884].)

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1937.