[Crim. No. 8496.   Second Dist., Div. Two.   Feb. 27, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT
BETRES BARBOZA, Defendant and Appellant.

Chandler & Duncan and Elinor Chandler for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Walter E. White, Deputy Attorney General, for Plaintiff and Respondent.

ASHBURN, J.—Defendant Albert Betres Barboza was convicted after jury trial of selling a narcotic on or about January 22, 1962, in violation of section 11501 of the Health and Safety Code. He admitted four prior felony convictions. The defendant's motions for a probation report and for a new trial were denied, and he was sentenced to the state prison

for the term prescribed by law. Defendant appeals from the judgment.

Four claims of error are advanced by the defendant, namely, (1) insufficiency of the evidence, (2) error in allowing the prosecution to recall the defendant for the purpose of impeaching him after both sides rested, (3) error in cross-examination of defendant regarding the four prior convictions without affirmatively stating that the examination was for impeachment purposes only, and (4) error in refusing to allow defendant to have a probation report filed even though he was not eligible for probation.

An appellate court is bound by the evidence favorable to respondent, as explained in *People* v. *Newland,* 15 Cal. 2d 678, 681 [104 P.2d 778]. It is there said, in part: " 'We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." Upon that basis we find the following factual situation.

On January 22, 1962, Officer Peters, accompanied by informant Ortega, was looking for people dealing in narcotics, with whom Ortega was to arrange an introduction. At approximately 2:30 that afternoon they saw the defendant on Broadway. The officer, informant and defendant walked to the officer's car and then drove together to the intersection of Bixel and Fifth or Sixth Street, where they parked. As they were driving the officer asked the defendant, "Is your stuff any good?" The defendant replied, "Yeah, man, it's pretty good." As they neared Bixel the officer said to defendant, "Can you score? Can you get me a gram?" He replied, "Yeah, okay." The officer, familiar with the prices of heroin, handed defendant $20. Defendant and Ortega then left the officer, walking south on Bixel. After a few minutes they returned to the side of the car in which the officer was waiting. The defendant got into the car and handed the officer one blue balloon which contained a white powdery substance. The officer once said that Ortega had handed him the balloon but corrected the statement on direct and cross-examination, saying that defendant had done so. The officer

said, "Thanks, man, for getting me the stuff." The defendant replied, "It's okay man." The officer parted company with the other two men and sent the balloon to the police station where it was booked. The officer did not arrest the defendant at that time but identified him from a group of about ten persons in a lineup during a police roundup of narcotic suppliers.

The defendant contends that the officer's testimony is internally inconsistent; the testimony of defendant's witness, Ortega, varied from that of the officer; and the defendant's testimony is directly contrary to that of the first two witnesses.

In *People* v. *Brister,* 192 Cal.App.2d 234 [13 Cal. Rptr. 375], when the defendant therein sought to upset the verdict on the theory that the officer's testimony was untrue, the court pointed out, at page 237: "Defendant seeks to upset the verdict on the theory that the officer's testimony was untrue. It was, of course, for the jury to determine who was telling the truth. An appellate court may not reevaluate either the credibility of the witnesses or the weight that should be given to their testimony. [Citation.] The jury's decision on this factual issue is obviously controlling.

"Defendant points to certain conflicts in the evidence of Officer Tusan, but such conflicts, even in the testimony of a particular witness, are for the resolution of the trier of fact."

It is apparent from the verdict that the jury believed the officer and Ortega and disbelieved the defendant and his friend who testified for him. There is sufficient evidence to sustain the finding of the jury.

There is no merit in defendant's contention that the sale was not made by defendant, but by the go-between, Ortega. A conviction of illegal sale of heroin was affirmed in *People* v. *Bradford,* 130 Cal.App.2d 606 [279 P.2d 561], where an informant was a go-between in handling the narcotic and the money. The court stated, at page 609: "Whether the informer or the officer be deemed the buyer, a sale took place within the meaning of section 11500 of the Health and Safety Code." Whether the parties deal directly or not is immaterial. A conviction may be sustained even though the parties dealt with each other through a third party, the informer. (*People* v. *Brister, supra,* 192 Cal.App.2d 234, 236.)

Defendant's second argument asserts that the trial court erred when it allowed the prosecution to reopen its case

and to recall defendant for cross-examination for the purpose of impeaching him.

"A witness once examined cannot be re-examined as to the same matter without leave of the court, but he may be re-examined as to any new matter upon which he has been examined by the adverse party. And after the examinations on both sides are once concluded, the witness cannot be recalled without leave of the court. Leave is granted or withheld, in the exercise of a sound discretion." (Code Civ. Proc., § 2050.)

It is a well settled rule that a defendant who takes the stand in his own behalf waives his right to immunity from self-incrimination and may with leave of the court be recalled for further examination. (*People* v. *Searing,* 20 Cal. App.2d 140, 142 [66 P.2d 696]; *People* v. *La Vers,* 130 Cal. App. 708, 713-714 [20 P.2d 967].)

In *People* v. *Searing, supra,* the appellant urged that it was prejudicial error to permit further cross-examination after the defense had rested its case. The court answered this contention as follows: "The final proposition urged by defendant is untenable, in view of the settled rule that a witness once examined may be recalled when leave of the court is first obtained. (Sec. 2050, Code Civ. Proc.) In the instant case leave was granted the prosecution by the trial court to recall defendant for further examination after the defense had rested, and defendant has failed to show affirmatively that this ruling was erroneous. (*People* v. *Watts,* 198 Cal. 776, 793 [247 P. 884].)" (P. 142.)

Defendant's contention that the defendant was not recalled until the day after his original examination and the arguments based thereon are completely unfounded because the record clearly shows that all of defendant's testimony came on the same day.

Defendant also asserts that in recalling the defendant after the defense rested, the prosecutor made the defendant his own witness and hence could not impeach him. This contention is without merit. A defense witness recalled for further cross-examination does not become the prosecutor's witness immune from impeachment. (*People* v. *Rosoto,* 58 Cal.2d 304, 352 [23 Cal.Rptr. 779, 373 P.2d 867].)

Defendant's third contention of error is based on the fact that the prosecutor was allowed to examine the defend-

ant as to the four prior convictions without affirmatively stating that it was solely for the purpose of impeachment.

Evidence of prior felony convictions is inadmissible merely to prove defendant's criminal disposition, but there is no impropriety in impeaching a defendant by showing that he has been convicted of a felony. (*People* v. *Tabb*, 137 Cal. App.2d 167, 171 [289 P.2d 858] ; Code Civ. Proc., § 2051.)

Where evidence is admissible for only a limited purpose, e.g., impeachment, and the evidence is not so limited, the defendant cannot complain on appeal in absence of an objection or request that the evidence be so confined. Since the defendant made no objection to the questions at the time of trial and did not request the court to limit the purpose of the evidence, he cannot now be heard to complain. (*People* v. *Findley*, 132 Cal. 301, 306 [64 P. 472] ; *People* v. *Cox*, 66 Cal.App. 287, 296 [226 P. 14] ; *People* v. *Tabb*, *supra*, 137 Cal.App.2d 167, 172.)

Defendant's fourth assignment of error is based on the denial of defendant's request for a probation officer's report.

Penal Code section 1203 states the rule : ". . . [I]n every felony case in which the defendant is eligible for probation . . . the court must immediately refer the matter to the probation officer to investigate and to report to the court. . . . Probation shall not be granted to any person . . . unless the court shall be satisfied that he has not been twice previously convicted of felony in this State. . . . In those cases in which the defendant is not eligible for probation, the judge may in his discretion refer the matter to the probation officer. . . ."

Defendant was not eligible for probation since he was found to have been convicted of four prior felonies; therefore, defendant was not entitled to a probation report as a matter of right, but only in the sole discretion of the judge. If the judge failed to exercise his discretion it would indeed constitute error. (*People* v. *Gotto*, 138 Cal.App.2d 165, 168 [291 P.2d 41].) But here the judge exercised his discretion as to defendant's request for permission to file an application for a probation report. The judge stated : "I generally do grant that permission, but there are quite a number of prior felony convictions, and it not being a matter of right to receive the probation report, I am not going to permit the report. That is the reason."

Defendant on the other hand could not be prejudiced by the refusal to order the probation report even if it is conceded that the judge abused his discretion (which he did not). *People* v. *Tell,* 126 Cal.App.2d 208, 209 [271 P.2d 568].)

The judgment of conviction is affirmed.

Fox, P. J., and Herndon, J., concurred.