**Albert B. BARBOSA, Appellant,**

v.

**Lawrence E. WILSON, Warden, etc.,
Appellee.**

No. 21132.

United States Court of Appeals
Ninth Circuit.

Oct. 30, 1967.

Rehearing Denied Dec. 19, 1967.

Albert B. Barbosa, in pro. per., James G. Follis, Pillsbury, Madison & Sutro, San Francisco, Cal., (appointed) for appellant.

Thomas C. Lynch, Atty. Gen., of Calif., San Francisco, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and BYRNE,* District Judge.

BARNES, Circuit Judge:

This is an appeal from an order of the United States District Court for the Northern District of California, Southern Division (now the United States District Court for the Northern District of California), denying appellant's application for a writ of habeas corpus. Jurisdiction of the district court to entertain appellant's petition was conferred by §§ 2241, 2242 and 2243 of Title 28, United States Code. Jurisdiction of this court is conferred by Title 28, United States Code, § 2253. A certificate of probable cause was issued by the district court on June 9, 1966.

Appellant was convicted on May 17, 1962, in the Superior Court of Los Angeles County of violating the provisions of § 11501 of the Health and Safety Code of the State of California. Judgment was entered on May 24, 1962, reciting four admitted prior felony convictions, including conviction of a violation under § 11500 of the Health and Safety Code in 1954 (herein called the "1954 conviction"), and decreeing that appellant be punished for the term prescribed by law.

The following issues are raised:

1. Was the 1954 conviction a misdemeanor conviction? If so, is appellant not now eligible for release or probation under the provisions of § 11501 of the Health and Safety Code and, therefore, deprived of his liberty without due process of law?

2. Did the public defender in the trial court fail to present appellant's essential defenses at trial, and, if so, did this fail-

---

* Hon. William M. Byrne, Senior United States District Judge, Los Angeles, California, sitting by designation.

ure deprive appellant of his right to a fair trial?

3. Should the court below not be ordered to permit appellant to submit additional evidence of the unfairness of the trial which was not previously submitted because appellant, lacking counsel in these proceedings, did not appreciate its relevance?

The principal point with which we are here concerned is the effect of appellant's admission in open court on March 23, 1962 that his 1954 conviction under the predecessor statute of § 11501, California Health and Safety Code, namely, § 11500, was a felony.[1] The significance, of course, lies in the extent of appellant's required punishment as a recidivist.

The first paragraph of § 11501 provides the punishment for a first violation of that statute: the offender is subject to "imprisonment in the state prison from five years to life, and shall not be eligible for release on completion of sentence, or on parole, or on any other basis until he has served not less than three years in prison."

In the second paragraph of § 11501, one who is charged with a previous conviction of any "felony offense" (which the jury or court finds true or the defendant admits) is subject to a term of ten years to life imprisonment, and must serve ten years in prison before release or parole.

In the third paragraph of § 11501, one who is charged with two or more previous convictions of any "felony offense" (which the jury or court finds true or the defendant admits) is subject to a term of fifteen years to life imprisonment, and must serve fifteen years in prison before release or parole.

Appellant appealed his last conviction to the District Court of Appeal (People v. Barboza, 213 Cal.App.2d 441, 28 Cal. Rptr. 805 (1963)). A petition for habeas corpus was filed in the Superior Court of Los Angeles County, and in the Superior Court of Marin County, on the same grounds presented in this case, and an appeal was taken to the Supreme Court of the State of California (Transcript of Record from the United States District Court). The petition was denied.

On December 21, 1965, appellant filed an application for writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division, without assistance of counsel. On December 20, 1965, the petition was denied. Appellant sought a rehearing which was treated as a new petition for habeas corpus and also denied. The court granted appellant's motion for leave to appeal its order and permitted him to proceed in forma pauperis.

I

The appellant was convicted in 1954 in the Superior Court of the State of California in and for the County of Los Angeles on October 25th. On November 29, 1954, he was sentenced in that court's "Department Santa Monica C." The minutes of that court show:

"Proceedings are suspended and probation granted for five years. Defendant shall serve first year in the County Jail, with good time allowed if earned."

The transcript further shows that appellant served his sentence in the county jail, served his probation, and had the verdict of guilty in the case set aside under the provisions of section 1203.4 of the Penal Code and information against him dismissed. Section 1203.4 provides, however:

" * * * that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation

---

1. In 1959, Sec. 11500 of the California Health and Safety Code was limited to possession of narcotics other than marijuana, and Sec. 11501 was adopted, relating to transportation, importation, gift or sale of any narcotic other than marijuana.

In 1961, Sec. 11500.5 was adopted, relating to possession for purposes of sale.

All such sections are in Division 10 of the California Health and Safety Code, relating to "narcotics."

had not been granted or the accusation or information dismissed."

Section 17 of the California Penal Code provides, in part, that:

"When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes *after* a judgment imposing a *punishment other than imprisonment in the state prison.*" (Emphasis added.)

Section 11504 of the Health and Safety Code provides:

"As used in this article 'felony offense,' and offense 'punishable as a felony' refer to an offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty, regardless of the sentence the particular defendant received."

Section 11501 and section 11504 are in the same article. Appellant's counsel concedes:

"Since section 11504 includes the term 'felony offense' as used in section 11501 offenses which would be misdemeanors if the sentence received were considered and since section 11504 was enacted simultaneously with the amendment which limited the prior offenses which were to be considered under section 11501 to felony offenses, we will not contend that appellant's sentence in his 1954 conviction of itself reduced that conviction to a misdemeanor conviction so as to eliminate it from consideration in determining

the applicable sentence under section 11501." (Appellant's Brief, p. 9.)

Nevertheless, appellant contends the dismissal of the 1954 conviction under California Penal Code § 1203.4 constitutes a determination that the original conviction was but a misdemeanor. In support of this position, People v. Banks, 53 Cal.2d 370, 1 Cal.Rptr. 669, 348 P.2d 102 (1959), is relied upon.

This reliance is based, not on what the court said, but on what it "apparently assumed," i. e., that "where an offense could be declared by the court to be either a misdemeanor or a felony the dismissal of the case would implicitly constitute a finding that it was a misdemeanor for purposes of a subsequent conviction." (Appellant's Brief, p. 10.)

We cannot agree. The amendment of California Penal Code section 17 in 1963 [2] relates only to a *declaration* by the court as to the crime being a misdemeanor. This was necessary because the "implicit finding" (to which appellant's counsel refers) did not exist. Without such a declaration, there was no such implicit finding that the crime was a misdemeanor. If there had been, no declaration to that effect would have been necessary.

Thus we find *Banks,* supra, neither authority for nor persuasive toward appellant's position [3] for two reasons:

(1) Division 10 of the California Health and Safety Code deals with narcotics of all kinds. Section 11504 of that division defines the terms "felony offense" and "offenses punishable as a felony," as those terms are used in the

2. "Where a court grants probation to a defendant without imposition of sentence upon conviction of a crime punishable in the discretion of the court by imprisonment in the state prison or imprisonment in the county jail, the court may at the time of granting probation, or, on application of defendant or probation officer thereafter, declare the offense to be a misdemeanor."

3. *Banks* was a criminal prosecution under Penal Code, § 12021 (having a concealed weapon while being a felon). Banks had previously received probation on a felony

conviction and had satisfactorily completed his probationary requirements. He failed to secure the re-establishment of his citizenship rights and to have the felony dismissed from his record under Sec. 1203.4. The court held that he was still a felon under § 12021 and affirmed his conviction. Had Banks had the felony dismissed under 1203.4, the California Supreme Court would undoubtedly have dismissed the action against him as the District Court of Appeal did in the later case of People v. Taylor, 178 Cal.App.2d 472, 3 Cal.Rptr. 186.

three paragraphs of § 11501. Both terms "refer to an offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty, regardless of the sentence the particular defendant received." (Sec. 11504.) It does not require that either the conviction or the sentence be for a felony. Thus the potential punishment is relevant, not the actual punishment. Cf. People v. Garcia, 227 Cal.App.2d 345, 38 Cal.Rptr. 670 (1964), cert. den. 379 U.S. 949, 85 S.Ct. 446, 13 L.Ed.2d 546, and on the interpretation of a different but similar section (§ 11715.6) and language, see People v. Wallace, 59 Cal.2d 548, 30 Cal.Rptr. 449, 381 P.2d 185 (1963).

(2) The rehabilitation provisions of California Penal Code § 1203.4 (which appellant urges should prevail over the provisions of § 11504) itself contains the following specific proviso:

" * * * provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

Thus, the 1954 conviction attacked herein was properly listed as a felony, and appellant properly admitted it, and appellant has not been deprived of due process.[4]

### II

The second point urged by appellant raises the question of whether the defendant was deprived of a fair trial by the defense rendered by the public defender.

This in reality is an attack by appellant upon the sufficiency of the evidence; and an attack upon the severity of the statutory penalty for the crime charged. Neither has substance nor merit. The failure of trial counsel to raise the issue decided adversely to appellant in point I of this opinion, cannot be considered as depriving defendant of a fair trial, in view of our conclusions.

### III

Appellant requests us to remand the case to the district court to permit appellant to present additional evidence as to how he wanted his case tried. This we decline to do.

Finding no error, we affirm.

---

4. We do not here reach the question of whether the recital of the 1954 felony conviction was mere surplusage in view of the record before us which discloses the California Adult Authority reference (C.T. 28) that the June 6, 1962 sentence was based on:

"Sell. Narcotics (11501 H & S) w/Pr./Narc./Conv. and 3/Pr./Fel./Conv."
The three prior felony convictions may or may not have been narcotic convictions. We assume they were not.