Filed 2/4/16  P. v. Marshall CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SERIA JEAN MARSHALL,<br><br>    Defendant and Appellant. | A145954<br><br>(Sonoma County<br>Super. Ct. No. SCR19472) |

**INTRODUCTION**

This is an appeal from a final judgment after an order denying appellant's resentencing motion under Proposition 47 (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014)), now codified as Penal Code section 1170.18.[1]  Counsel for appellant has conducted a review of the record in this matter and concluded the appeal is properly presented pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  She has advised appellant of this decision and advised her client she may file a supplemental brief on the matter, raising any issues appellant believes are appropriate.  We will conduct our review of the record pursuant to the *Wende* process.  This appeal is proper under section 1237, subdivision (b).  An order denying appellant's Proposition 47 petition substantially affects her rights.  (See § 1237, subd. (b).)

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

## STATEMENT OF THE CASE

After being found guilty of one felony count of arson of an inhabited dwelling pursuant to section 451, subdivision (b), appellant is currently serving a state prison sentence of 10 years.  She admitted a prior strike in a 1993 conviction for first degree burglary.  (§§ 459; 1170.12, subd. (c)(1); 1192.7, subd. (c)(18).)  The trial court imposed the middle term of five years for the arson conviction, and then doubled the term based on the prior strike conviction.

On June 11, 2015, appellant filed a petition for resentencing pursuant to section 1170.18, subdivision (a).  She desired a reclassification of her 1993 first degree burglary conviction to a misdemeanor.  The trial court denied the petition, finding she was not eligible for a reclassification because no relief is permitted under the statute for a prior first degree burglary conviction.

On August 6, 2015, appellant filed this notice of appeal challenging this order of the trial court.

## STATEMENT OF THE FACTS

In this appeal we are simply focusing on the fact appellant sustained a prior conviction for first degree burglary in 1993.  There is no need to discuss the arson conviction in the case.

On January 27, 1992, at 6:35 p.m., sheriff's deputies in Sonoma County were called to a home at 6255 Carriage Lane in response to an alert that a burglary was in progress.  When the deputies arrived at the front of the home, they met a witness named Fortsch.  Fortsch advised the officers he was taking care of his neighbor's home while they were on vacation.  As Fortsch was checking the residence, he observed items of food on the hallway floor.  He also noted the window above the kitchen sink was open. Neither of these observations had been noted by the neighbor before this instance.  As Fortsch looked inside the home, he saw the bedroom door was open and human legs were dangling from the bed.  He then called the sheriff.

Entering the home, the deputies found appellant partially kneeling on the bed. She was in a semi-conscious state. The officers found the keys to the residence in her pocket, along with money belonging to the owners. A barbeque fork was on the ledge in the kitchen, and the deputies concluded it was used to pry open the kitchen window. The officers noted several prescription bottles belonging to the owners of the home on the counter of the bathroom. Some were empty. Since the deputies were not sure if appellant had consumed some of the drugs, they called for an ambulance.

The owners of the home advised the police the keys and money were the only items taken by appellant. The keys and money were returned to the owners. The owners did not know appellant and had not given her permission to enter their home. As a result of the break-in, the owners felt violated and upset. They lost considerable sleep over the incident and sterilized the bedroom furniture where appellant was found.

On January 30, 1992, the district attorney filed a felony complaint alleging one count of burglary of an inhabited dwelling. The complaint also alleged this was a serious felony pursuant to section 1192.7. A preliminary hearing was scheduled for February 13, 1992.

On February 18, 1992, however, criminal proceedings in this case were suspended pursuant to section 1368. Dr. Donald Apostle was appointed to determine the competency of appellant and to submit his report to the trial court by March 3, 1992. On March 5, 1992, Dr. Apostle's report indicated appellant had a lengthy history of mental illness and addiction. He concluded she was unable to assist counsel in the defense of this matter at the present time. On March 5, 1992, Rolf LaMar, a licensed clinical social worker, after reviewing the report by Dr. Apostle and personally interviewing appellant, concluded she should be treated at Patton State Hospital or a like facility to deal with her substance abuse problems. The trial court placed appellant at Patton State Hospital for treatment on March 5, 1992, suspending criminal proceedings.

3

On September 22, 1992, the director at Patton State Hospital filed a certificate with the Superior Court of Sonoma County concluding appellant was mentally competent to stand trial.

After criminal proceedings were reinstated, the trial court conducted a preliminary hearing regarding the burglary charge on November 3, 1992. At the end of the proceedings, the magistrate held appellant to answer for the felony offense. On November 17, 1992, an information was filed charging appellant with burglary of an inhabited dwelling house and also alleging the charged crime was a serious felony.

While the criminal charges were pending in Sonoma County, appellant was housed at the Oakcrest Inpatient Psychiatric Services facility. On December 21, 1992, staff at Oakcrest, under the direction of Steve Ranish, Ph.D., and JoAnn Vassallo, R.N., advised the superior court appellant's behavior continued to be appropriate and she had not exhibited any "acute psychiatric symptoms." She was no longer on psychiatric medications.

On January 14, 1993, appellant entered a change of plea. She agreed to plead no contest to the charge of first degree burglary if the prosecution concurred in a probationary sentence. A review of the record of the taking of the plea indicates appellant was fully aware of what she was doing and the consequences of her plea. The trial court found her plea free and voluntary and found that she understood and waived her constitutional rights.

The trial court sentenced appellant to four years in prison, with the execution of the specific sentence suspended. She was directed to serve one year in the county jail as a condition of probation; her probation was to be for three years. On February 17, 1993, the sentencing date, appellant had already served 361 days in jail.

In 1996, appellant filed a petition pursuant to section 1203.4. As a result of the motion and after review by probation, the court ordered her guilty plea withdrawn, a plea of not guilty entered, and the charges dismissed.

4

On February 27, 2015, appellant requested the Sonoma County Superior Court to review her felony conviction pursuant to Proposition 47. She contended the strike conviction for first degree burglary could not be considered a strike, due to this initiative. On June 11, 2015, she filed form No. SO-CR47, requesting Proposition 47 relief to make her strike a misdemeanor. She also claimed this was consistent with the previous grant of her section 1203.4 application.

On July 13, 2015, the trial court in Sonoma County denied her Proposition 47 application. The court determined the 1993 strike prior for first degree burglary did not qualify as an offense reducible to a misdemeanor under Proposition 47. Only certain commercial burglaries would be considered for such determination. Therefore, her current sentence for the arson and the enhancements would not be disturbed.

**DISCUSSION**

Section 1203.4 is designed to recognize persons convicted of crimes who then successfully complete probation and demonstrate responsibility for their behavior. However, the section specifically states: "However, in any subsequent prosecution of the defendant for any other offense, the *prior conviction* may be pleaded and proved and *shall have the same effect as if probation had not been granted or the accusation or information dismissed*." (§ 1203.4, subd. (a)(1), italics added.) Here, the trial court doubled the middle term for arson based on appellant's prior first degree burglary conviction. Under section 1203.4, that was clearly appropriate. (See *Barbosa v. Wilson* (9th Cir. 1967) 385 F.2d 319, 322.) The decision by the court, in spite of the prior grant of dismissal in 1996, was proper. We will not disturb that determination here.

It is also the case, despite passage by the voters of Proposition 47 and the enactment of section 1170.18, a conviction for first degree burglary does not enjoy the favorable consequences of this reformation of the California criminal law. Under section 1170.18, only particular acts associated with *commercial burglary* realize the benefit of misdemeanor classification. Namely, under section 459.5, shoplifting in a commercial

5

property where the taking has a value not exceeding $950 is potentially punishable as a misdemeanor.  (§ 1170.18, subd. (b).)  Here, appellant entered another's home with the intent to steal.  It is not, by definition, within the scope of Proposition 47 benefits.  The trial court properly denied her application.

At all times, appellant was adequately represented by trial counsel in these proceedings.  We find no basis for disturbing the conviction.

## DISPOSITION

We affirm the judgment in this matter.

_____
DONDERO, J.

We concur:


_____
HUMES, P.J.


_____
MARGULIES, J.


A145954

7